[No. 7240. Decided August 3, 1908.]

J. P. Rasmusson, *Respondent*, v. H. Liming *et al.*, *Appellants.*[1]

Mechanics' Liens—Foreclosure—Parties—Actions—Joinder of Causes—Personal Judgment Against Contractor—Husband and Wife. In an action to foreclose a mechanics' lien, it is proper to join as defendants the contractor who purchased the material and his wife, as a community, and the plaintiff is entitled to a personal judgment against them as for a community debt for the material purchased, as well as a lien against the property of the other defendants, without a jury trial; and the same would not be an improper joinder of causes of action.

[1] Reported in 96 Pac. 1044.

Appeal from a judgment of the superior court of Pierce county, Clifford, J., entered November 6, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to enforce a materialman's lien. Affirmed.

*Lueders & Phelps* and *L. C. Whitney*, for appellants.

*E. D. Wilcox*, for respondent.

Crow, J.—This action was commenced by J. P. Rasmusson against H. Liming, Eliza Liming, his wife, Andy Hanson, Amy Hanson, his wife, and H. W. Jaeger, defendants, to foreclose a materialman's lien on real estate in the city of Tacoma. From a judgment and decree in favor of the plaintiff, the defendants have appealed.

Appellants, by their first assignment, contend that the trial court erred in overruling their demurrer to the complaint, for the reason that two causes of action were improperly joined. The complaint shows that the appellant H. Liming was the contractor, employed by the appellants Andy Hanson and wife to furnish material and build a dwelling house upon their lot, the same being the lot involved in this action, and that the respondent furnished certain hardware to Liming for use in the house, on its credit, and in so doing relied on his right to a lien. In his complaint the respondent made the appellant Eliza Liming a party defendant because she is the wife of the contractor H. Liming, and alleged that in building the house the husband was acting for the benefit of the community. Respondent demanded a personal judgment against Liming, asked that it be declared the community obligation of Liming and wife, and that he be decreed a lien therefor and a foreclosure under a statutory notice which he had filed. Appellants insist that this was a misjoinder, that the respondent had improperly joined a cause of action against the appellants Liming and wife for goods sold and delivered, on which they were entitled to a jury trial, and in

which Hanson and wife, as owners of the lot, and Jaeger as a mortgagee were not concerned, with another cause of action against the appellants Hanson and wife and Jaeger to establish a lien on the real estate, in which the appellants Liming and wife had no interest, and by which they were in no way affected.

There is no merit in this contention. The allegations of the complaint disclosed that all of the items included in respondent's claim against Liming and wife, for materials sold, were lienable, and that they were sold for use in, and were actually used in, the construction of a dwelling house on the lot of the appellants Hanson and wife. Under these allegations there was no misjoinder of causes of action. All the parties named were properly made defendants, and their respective rights and liabilities were properly submitted for joint trial in this equitable action, in which the respondent would be entitled not only to a personal judgment against the appellant Liming, but also to a decree foreclosing his lien in the event that the evidence sustained the other allegations of his complaint.

Several assignments of error are based on rulings of the trial judge in admitting and rejecting evidence. We find that no prejudicial error was committed in this regard.

The appellants' principal contention seems to be that the evidence does not sustain the findings of fact made and entered by the trial judge. The respondent alleged that the last item of hardware was sold and delivered on December 29, 1906, and that his notice of lien was filed with the auditor of Pierce county within ninety days thereafter, on March 26, 1907. Appellants contend that the last item was sold and delivered by the respondent on December 7, 1906. If this contention had been sustained by the evidence, it would necessarily follow that respondent's notice was not filed within the statutory time, and that he would not be entitled to any lien. Upon the issue as to when the last item was sold and delivered, the evidence was conflicting, but the trial judge found in favor of the respondent.

We are satisfied after a careful examination of the entire record that this and the other findings are sustained by the preponderance of the evidence; also, that they support the final judgment, which is affirmed.

HADLEY, C. J., ROOT, FULLERTON, and MOUNT, JJ., concur.